UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 22-225** |
| **TEVIS STANTON** | **SECTION "B"** |

## ORDER AND REASONS

Before the Court are petitioner Tevis Stanton's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Rec. Doc. 56), the government's response (Rec. Doc. 63), and petitioner's reply (Rec. Doc. 64). For the following reasons,

**IT IS ORDERED** that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Rec. Doc. 56) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's request for evidentiary hearing on his motion (Rec. Doc. 56) is **DENIED** as unnecessary.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner Tevis Stanton was indicted with carjacking, brandishing a firearm during the commission of a crime of violence, possession with intent to distribute controlled substances, and possession of a firearm in furtherance of a drug trafficking crime. Rec. Doc. 1. On May 30, 2023, petitioner pleaded guilty to the charges of carjacking and brandishing a firearm during the commission of a crime of violence. *See* Rec. Doc. 37. On September 27, 2023, petitioner was sentenced to 114 months imprisonment. *See* Rec. Doc. 51 at 1-2. Petitioner did not file a notice of appeal. On August 29, 2024, petitioner filed the instant *pro se* § 2255 motion. Rec. Doc. 56. On October 2, 2024, the government filed its response. Rec. Doc. 63. Petitioner filed his reply on November 12, 2024. Rec. Doc. 64.

## LAW AND ANALYSIS

1

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). A § 2255 motion may be raised for the following reasons: (1) the sentence was imposed in violation of the Constitution, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeds the statutory maximum sentence, or (4) the sentence is "otherwise subject to collateral attack." *Id.* "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)).

I.  Plea Agreement Waiver

Petitioner Stanton argues that his guilty plea was involuntary because counsel used a "fear tactic" by allegedly telling him that "it would upset both the judge and prosecutor" if he "[did] not move forward on the particular deal." Rec. Doc. 56 at 4. Further, petitioner contends that his plea was involuntary because his counsel told him he would get a higher sentence if he decided not to plead guilty. *See* Rec. Doc. 64 at 2. The government asserts that petitioner's claims, excluding those alleging ineffective assistance of counsel, are procedurally barred and waived as part of his plea agreement. *See* Rec. Doc. 63 at 2-6.

"A defendant may waive his statutory right to appeal his sentence if the [plea agreement] waiver is knowing and voluntary." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (citations omitted). However, for a guilty plea to be constitutionally valid, it must be knowing and voluntary. *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989) (citing *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986). To ensure a plea is voluntary, a judge must determine that the plea "did not result from force, threats, or promises." *See* Fed. R. Crim. P. 11(b)(2). However, "a

2

defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)). Solemn declarations in open court carry a strong presumption of verity forming a formidable barrier in any subsequent collateral proceedings. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In *United States v. Martinez*, the court relied on *Blackledge* and determined that the judge's explanation of the consequences of the defendant's plea agreement did not show that any pressure was placed on the defendant to plead guilty. *See United States v. Martinez*, 599 F. App'x 151, 152-53 (5th Cir. 2015). The *Martinez* defendant stated that he had not reviewed the factual basis, the judge gave the defendant additional time to review the factual basis with his attorney, and the defendant voluntarily admitted that the content of the factual basis was correct. *See id.* Similar here, there is nothing in the record to show that the judge or prosecutor "would be upset" if petitioner Stanton decided to enter a not guilty plea. *See generally* Rec. Doc. 62; *see* Rec. Doc. 63 at 3-4. Further, petitioner agreed that no one forced, threatened, or intimidated him to plead guilty. *See id.* at 19. Petitioner Stanton also agreed his counsel did not guarantee him any particular sentence or sentencing guideline range. *See id.* at 22. Further, petitioner agreed that he understood that by pleading guilty he waived his right to collateral review. *See id.* Here, petitioner Stanton fails to present anything that overcomes his own sworn testimony at the plea hearing.

Petitioner's claim that his guilty plea is involuntary because his counsel informed him that he would get a higher sentence is also without merit. "A defense attorney should make informed predictions about the consequences of either pleading guilty or going to trial." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). A defense attorney's warnings about the potential for a lengthy prison sentence does not make a guilty plea involuntary. *See Uresti v. Lynaugh*, 821 F.2d

1099, 1102 (5th Cir. 1987) (finding plea voluntary where attorney warned client was likely to get 99 years if he went to trial). Further, petitioner's sworn testimony at the plea hearing contradicts his claim. *See* Rec. Doc. 62 at 19-23. Petitioner affirmed under oath that no one coerced him into pleading guilty, and that he was satisfied with his counsel's representation. *See id.* Since petitioner has not provided any evidence to rebut the strong presumption of verity attached to his sworn statements, the waiver in his plea agreement remains enforceable.

> II. <u>Petitioner Stanton has procedurally defaulted on his claims</u>

The government argues that petitioner cannot demonstrate "cause" for the procedural default on his claims, aside from the ineffective assistance of counsel claim, because he did not "allege that an objective impediment that was external to his defense prevented him for challenging his plea of guilty or any defect in his sentence on direct appeal." *See* Rec. Doc. 63 at 5 (citing *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)). A movant is barred from raising claims for the first time on collateral review unless the movant shows either (a) cause and prejudice or (b) actual innocence. *See United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022) (citation omitted). Cause "must ordinarily turn on whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Moore v. Quarterman*, 533 F.3d 338, 341 (5th Cit. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). A factor is external to the defense if it cannot be fairly attributed to the movant. *See Davila v. Davis*, 582 U.S. 521, 528 (2017) (citation omitted). The Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default[.]" *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Carrier*, 477 U.S. at 488-489 (1986)). However, "[a] showing of cause requires that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule,' such as 'the factual or legal

4

basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable.' " *United States v. Cuff*, 79 F.4th 470, 477 (5th Cir. 2023) (citing *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008) (quoting *Carrier*, 477 U.S. 478, 488 (1986)). Here, petitioner Stanton has not shown that any objective factor external to his defense prevented him from challenging his plea of guilty, therefore, he has failed to show cause. Since petitioner has not shown cause for his default, the Court does not need to determine whether he was actually prejudiced. *See United States v. Frady*, 456 U.S. 152, 168 (1982); *see also Williams v. Cain*, No. 14-2288, 2017 WL 3456315, at *7 (E.D. La. Aug. 10, 2017) (citations omitted).

Petitioner Stanton has also alleged he is factually innocent. *See* Rec. Doc. 56 at 5. To prove actual innocence, petitioner must prove factual innocence, not "mere legal insufficiency." *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted). Further, petitioner must prove his 'actual innocence' of the crimes to which he pleaded guilty as well as all the charges in the indictment which were dismissed as a result of the plea agreement. *See id.* at 624. Petitioner Stanton only asserts in conclusory fashion his innocence in relation to the crimes he pled guilty to, which is insufficient to prove actual innocence. *See* Rec. Doc. 56 at 4-5. Therefore, petitioner has procedurally defaulted on his guilty plea claims.

   III.   <u>Ineffective Assistance of Counsel</u>

Petitioner Stanton alleges ineffective assistance of counsel on the grounds that his counsel did not meet with him for a week before his rearraignment and because his counsel did not investigate allegedly false statements the victim made to the police. *See* Rec. Doc. 56 at 4-5. The standard for determining the effectiveness of counsel in the context of a guilty plea is the two-prong test set forth in *Strickland v. Washington*. *See DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) (citing *Strickland*, 466 U.S. 668, 687 (1984)). To establish ineffective assistance of counsel,

a defendant must show that (1) counsel performed deficiently; and that the (2) defendant was prejudiced by counsel's performance. *See Strickland,* 466 U.S. at 687. Deficient performance means conduct that falls below an objective standard of reasonableness. *Id.* at 688. In the context of a guilty plea, the 'prejudice' requirement of the *Strickland* test requires the defendant to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The defendant must affirmatively prove – not just allege – prejudice. *See Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) (citing *Strickland*, 466 U.S. at 693). "Thus, '[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary.' " *DeVille*, 21 F.3d at 659. Thus, any ineffective assistance of counsel claims are waived except for those relating to the voluntariness of the guilty plea. *See Smith v. McCain*, No. 19-325, 2019 WL 5696146, at *2 (E.D. La. May 24, 2019) (citing *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983))

The prejudice inquiry "focuses on a defendant's decisionmaking[.]" *Lee v. United States*, 582 U.S. 357, 367 (2017). "When a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial, we do not ask whether, had he gone to trial, the result of that trial, 'would have been different' than the result of the plea bargain." *Id.* at 364. "But that is not because the prejudice inquiry in this context looks to the probability of a conviction for its own sake." *Id.* at 367. "It is instead because defendants obviously weigh their prospects at trial in deciding whether to accept a plea." *Id.* (citation omitted). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. *Id.* at 369. "Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* In determining whether a defendant has been

6

prejudiced, courts view the totality of the circumstances and consider factors including the risks the defendant would have faced at trial, the defendant's representations about his desire to retract his plea, and the district court's admonishments. *See United States v. Kayode*, 777 F.3d 719, 725 (5th Cir. 2014).

### A. Failure to Investigate

Petitioner Stanton further alleges his counsel was ineffective because he failed to investigate his claim that he did not carry a weapon during the commission of the crime. *See* Rec. Doc. 56 at 4. Petitioner alleges that the victim lied to the police because "police would investigate a carjacking more [vigorously] than a simple stolen automobile." Rec. Doc. 56 at 4. Petitioner further alleges that, but for counsel's insufficient performance, "he would most likely [have] gone to trial" to challenge the carjacking and brandishing a firearm during the commission of a crime charges. *Id.* at 5.

"The proper standard for attorney performance is that of reasonably effective assistance." *United States v. Slape*, 44 F.4th 356, 359 (5th Cir. 2022) (quoting *Strickland*, 466 U.S. at 687). The performance inquiry focuses on whether counsel's actions were reasonable in light of all the circumstances. *See id.* "Judicial scrutiny of counsel's performance must be highly deferential[,]" and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The Fifth Circuit has noted that "effective counsel conduct a reasonable amount of pretrial investigation." *Martin v. Maggio*, 711 F.2d 1273, 1280 (5th Cir. 1983) (citations omitted). Further, at a minimum, counsel must interview potential witnesses and independently investigate the case's facts and circumstances. *See Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985) (citation omitted).

7

However, the Fifth Circuit has found that a defense counsel's alleged failure to investigate witnesses or any other alleged failure of counsel to find 'holes' in the government's case are unrelated to the voluntariness of a guilty plea. *Smith*, 711 F.2d at 682; *see also Smith v. McCain*, No. 19-325, 2019 WL 5696146, at *3 (E.D. La. May 28, 2019) (finding petitioner's guilty plea precluded claims that counsel was ineffective for failing to conduct adequate investigation). Thus, petitioner Stanton's conclusory allegations that an adequate investigation would have caused him to go to trial are insufficient to prove prejudice. *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("bare allegation" that petitioner "would have insisted upon going to trial" insufficient to establish prejudice—especially where "evidence of guilt against [the petitioner] was strong"). Petitioner Stanton does not cite to any contemporaneous evidence to support his assertion that he would have proceeded to trial but for his counsel's insufficient performance. *See Lee*, 582 U.S. at 369.

Further, petitioner Stanton incorrectly assumes that he could challenge only the two charges he was convicted for. Had he gone to trial, petitioner would have needed to contest all charges against him, including the two charges that were dropped as a result of the plea agreement. *See* Rec. Doc. 38 at 1; *see also Lee*, 582 U.S. at 367 ("Where a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the government offers one."). Since petitioner has failed to provide anything beyond conclusory and *post hoc* allegations of prejudice, he has failed to show a reasonable probability that he would have rejected the plea agreement and insisted on proceeding to trial. Additionally, since failure to investigate is unrelated to the validity of his guilty plea, petitioner's claim that counsel's failure to investigate prejudiced him is insufficient to establish that he would have proceeded to trial.

    B. <u>Brevity of Consultation</u>

Petitioner Stanton also asserts that his attorney was ineffective because he did not speak with his attorney for a week prior to his arraignment. *See* Rec. Doc. 56 at 4-5. The Fifth Circuit has held that the standard required of an attorney is not perfect but reasonably effective assistance, which may be provided even if counsel "spends only a short time with his client." *See Jones v. Wainwright*, 604 F.2d 414, 416 (5th Cir. 1979) (citations omitted). Brevity of consultation, alone, cannot support a claim of ineffective assistance of counsel. *See Murray v. Maggio*, 736 F.2d 279, 282-83 (5th Cir. 1984). For example, the Court in *Jones v. Estelle* found that counsel meeting with the defendant once before trial did not constitute ineffective assistance of counsel because counsel was adequately prepared. *See Jones v. Estelle*, 622 F.2d 124, 127 (5th Cir. 1980). Adequate preparation requires defense counsel to devote sufficient time to "insure an adequate defense" and becoming "thoroughly familiar with the facts and law of the case." *See id.* In the context of a guilty plea, the Fifth Circuit has found that "[e]ffective assistance may be rendered in the twenty to thirty minutes the appointed lawyer said he spent with [the defendant], or counsel may remain ineffective despite a month of futile exertions." *Diaz v. Martin*, 718 F.2d 1372, 1378 (5th Cir. 1983).

Here, Petitioner Stanton's claim that his attorney was ineffective due to a lack of communication for a week before arraignment is insufficient to establish ineffective assistance of counsel under Fifth Circuit precedent. *See* Rec. Doc. 56 at 4-5. Further, he has not provided any evidence to suggest that his counsel was unprepared. Nor has he shown how his defense would have benefited from additional conversations with his attorney. *See e.g.*, *Murray*, 763 F.2d at 283 ("[Defendant] has not shown what additional evidence could have been produced had additional conversations taken place"). Thus, Petitioner has failed to show how the brevity of his consultation with his attorney constitutes prejudice under *Strickland*.

A. <u>Request for Evidentiary Hearing</u>

9

Petitioner Stanton also requests an evidentiary hearing on his § 2255 motion. *See* Rec. Doc. 56 at 13. The question of whether an evidentiary hearing is necessary to resolve a claim of ineffective assistance of counsel turns on the assessment of the record. *See Byrne v. Butler*, 845 F.2d 501, 512 (5th Cir. 1988). A hearing is required if petitioner's claims cannot be resolved without an examination of evidence beyond the record. *See id.* A defendant is entitled to an evidentiary hearing only if he presents "independent indicia of the likely merit of [his] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Here, the record is clear and petitioner Stanton has failed to establish independent indicia in support of the likely merit of his claims. Accordingly, petitioner's request for evidentiary hearing is denied.

New Orleans, Louisiana this 25th day of April, 2025

_____
SENIOR UNITED STATES DISTRICT JUDGE